# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

YAZID SAJIID EL,
    **Plaintiff,**

    **vs.**

JUDGE TRAVIS LAMPLEY, ET AL.,
    **Defendant.**

Civil Action No.: 3:25-cv-00904
Judge Crenshaw/Frensley
Jury Demand

## REPORT AND RECOMMENDATION

By Order entered November 18, 2025, (Docket Entry No. 8), the Court referred this action to the Magistrate Judge for pretrial proceedings under 28 U. S. C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pro se Plaintiff, Yazid Sajiid El, filed this civil rights action on August 11, 2025, seeking relief under 42 U. S. C. §1983, and a violation of Plaintiff's rights under the Fourteenth Amendment. Docket No. 1.

In the referral Order, the Court specifically advised the Plaintiff that "he is responsible for effecting service of process on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure." Docket No. 8. Plaintiff was further warned that failure to complete service of process for Defendant could result in dismissal of this action. *Id.*

On April 10, 2026, the Court filed a Show Cause Order in this matter requesting the Plaintiff file a notice with the Court advising of the status of service on the Defendants in this matter. Docket No. 9. To date the Plaintiff has filed nothing.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the Defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must

dismiss" the action without prejudice. Because more than 90 days have passed since this action was filed and Defendant has not been served with process, the action must be dismissed without prejudice in accordance with Rule 4(m). The Court notes that Plaintiff was specifically advised by the November 18, 2025, Order (Docket No. 8) that the action would be dismissed if process was not timely made upon Defendant. The Plaintiff has taken no action to serve the Defendant or otherwise advance this case since the filing of the lawsuit Although Plaintiff is proceeding *pro se,* he must still comply with the basic procedural rules applicable to all litigants. *See Jourdan v. Jabe*, 951 F. 2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("pro se parties must follow the same rules of procedure that govern other litigants").

<strong>RECOMMENDATION</strong>

For the reasons set forth above, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.[1]

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981). Any response to the objections

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

3